DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED STATES DEPARTMENT OF LABOR, Petitioner,

v.

BETHLEHEM STEEL CORPORATION, and James E. Dollins, Respondents.

No. 90–4301.

United States Court of Appeals,
Fifth Circuit.

Dec. 26, 1991.

Marianne D. Smith, Karen B. Kracov, Atty., U.S. Dept. of Labor, Office of Sol., Washington, D.C., for petitioner.

Brent W. Coon, Umphrey, Swearingen, Eddins & Carver, Beaumont, Tex., for respondents.

David B. Gaultney, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., for Bethlehem Steel Corp.

Linda M. Meekins, Clerk, BRB, U.S. Dept. of Labor, Washington, D.C., for other interested parties.

Before BROWN, JOHNSON and WIENER, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

The question in this case can be best discerned by a broad consideration of the usual operation under a typical workers' compensation regime.

Under the usual workers' compensation structure, a person suffering injury, which will keep him completely from being able to do any work, is regarded as *total* disability. If it will likely continue for an indefinite time, it is *total permanent* disability. If medical improvement occurs so that the employee has regained some of his/her capacity to perform work, the disability becomes partial, the duration thereof being either *temporary* or *permanent.* The change in the status of total permanent occurs from the confluence of two factors:

(i) the *time* of the change in physical earning capacity—a medical factor; and (ii) the availability of suitable alternative work which the employee can perform—an economic factor.

■ The accepted principle—certainly in the Fifth Circuit—is that the capacity to do alternative work does not bring about a change in status of *total permanent disability* until suitable alternative work is actually available.

■ The ALJ in this case so held. The Benefits Review Board (Board of Review or BRB) determined, as a matter of law without regard to the particular facts, that alternative work is deemed to become available at the same time there is a change in capacity to do some work.[1] Worse than mixing metaphors, this was a confusion of medical and economic facts—an accomplishment beyond the power of any agency, much less the Board of Review, which we reverse.

That decision of the Board of Review has found no favor on review. Indeed, the Courts of Appeals for the District of Columbia,[2] the Second[3] and Ninth[4] Circuits, rejecting the Board's conclusion, expressly reversed the decision.

■ Consideration of the merits in this reverse fashion greatly simplifies our determination that *Donzi Marine*[5] is distinguishable. In *Donzi Marine*, we held that the Director of the OWCP had no standing to challenge a decision of the BRB in which the Director had no pecuniary or administrative interests.

In the first place, the Director is not the only one challenging the BRB's decision. Both the Director's Petition for Review and the formal appearance by Dollins reflect that both are parties to the case before us. More than that, counsel for Dollins, by adequate notice and pursuant to FRAP 28(i) and the practices of this court, formally adopted the brief and argument of the Director.[6] So the contentions reviewed and decided by us on the merits were clearly before us in the form of arguments advanced, not only by the Director, but by claimant Dollins as well. This meets, affirmatively, the negative comment in *Donzi Marine:*

> Hence, he [the Director] does not meet the standing requirement ... and may not, on his own initiative and *without the company of the claimant,* petition to review the Board's decision to this court.

*Id.* at 382 (emphasis added). *See also Director, OWCP v. Bethlehem Steel Corp.,* 620 F.2d 60, 63 (5th Cir.1980).

The Director clearly had the company of claimant Dollins. In addition, while *Donzi Marine* did not find the administrative interest of the Director therein discussed sufficient to give the Director an interest in the question under review, things are quite different here. Considering that the Director is by delegation, in effect, the Secretary of Labor, the Act and the regulations impose substantial responsibility on that office. This is not, as was *Donzi Marine,* the simple case of a Director being dissatisfied with a particular ruling by the BRB on some minute portion of the Act. Here,

---

1. It is uncontradicted, and the ALJ so found, and the Board of Review fully accepted, that claimant Dollins was totally disabled until November 11, 1985, at which time he reached maximum physical medical recovery. It was not until August 23, 1986, when suitable alternative employment became available.

   The ALJ held, in effect, that Dollins *total permanent* disability did not change to *partial permanent* disability until employment was available August 23, 1986.

   The Board of Review reversed holding that *total permanent* changed to *partial permanent* on November 11, 1985, when Dollins achieved maximum physical improvement, whether or not there was suitable alternative employment then available.

2. *Director, OWCP v. Berkstresser,* 921 F.2d 306 (D.C.Cir.1991).

3. *Palombo v. Director, OWCP,* 937 F.2d 70 (2d Cir.1991).

4. *Stevens v. Director, OWCP,* 909 F.2d 1256 (9th Cir.1990).

5. *Director, OWCP v. Donzi Marine, Inc.,* 586 F.2d 377 (5th Cir.1978).

6. As he did in the Director's memorandum response to categorical questions submitted by the court to counsel.

faced by the ruling of three Courts of Appeals that the Board of Review is simply wrong, poses a major problem in the administration of an Act which was conceived out of the *Southern Pacific Co. v. Jensen,* 244 U.S. 205, 37 S.Ct. 524, 61 L.Ed. 1086 (1917), constitutional demand for a nation-wide uniformity. *See McDermott Int'l, Inc. v. Wilander,* 498 U.S. ——, 111 S.Ct. 807, 112 L.Ed.2d 866 (1991) at Parts II and III. If, from want of standing, we cannot reach it, the result for the moment is that injured workers in the extensive maritime activities in the Fifth Circuit must endure a ruling fraught with substantial dollar loss. This also frustrates the Director's obligation, 20 C.F.R. § 702.136, to furnish information and assistance.

There is thus no obstacle to our consideration of the claimant's argument that the BRB is simply wrong in overruling the ALJ. The decision of the BRB is reversed and the cause remanded for further consistent proceedings.

REVERSED AND REMANDED.