# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 98-60544
Summary Calendar

AVONDALE INDUSTRIES, INC.,

                                                    Petitioner,

versus

DIRECTOR, OFFICE OF WORKER'S COMPENSATION PROGRAMS,
U.S. DEPARTMENT OF LABOR; WILFRED BROSSETTE, IV,

                                                    Respondents.

Petition to Review the Decision and Order
of the United States Department of Labor,
Benefits Review Board
(BRB No. 97-1374)

December 2, 1999

Before KING, Chief Judge, HIGGINBOTHAM, and STEWART, Circuit Judges

PER CURIAM:[*]

Avondale Industries, Inc. ("Avondale") petitions this court for a review of the order of the

Benefits Review Board ("BRB"). The BRB affirmed Decisions and Orders of the Administrative Law

Judge ("ALJ") rendered on claims filed by Wilfred Brossette, IV ("Brossette") pursuant to the

Longshore and Harbor Worker's Compensation Act, as amended, 33 U.S.C. §901 *et seq* ("the Act").

For the following reasons we affirm the decision of the Benefits Review Board in all respects.

### FACTS

Brossette injured his right shoulder and neck on June 21, 1991 and June 27, 1991 while

working as a shipfitter for Avondale. Initially, he hurt his shoulder readjusting his grasp on a heavy

box to avoid dropping it. Several days later, he was operating a drill which caught and tweaked his

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited
circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

right shoulder. Brossette was seen by a host of doctors including the company doctor, an orthopedic surgeon appointed by the Department of Labor, a neurosurgeon, his own physicians and a physical therapist.[1] He underwent surgery to his shoulder in July of 1992 under Dr. Hambig. Subsequently, Brossette was restricted to no overhead lifting of over 5-10 pounds, and declared 15% permanently disabled. His neck injury was was unrelated to this surgery.

The ALJ found that Brossette established a prima facie case of total disability and that Avondale established suitable alternate employment. He found that Brossette attempted to secure employment with reasonable diligence but was unsuccessful, and was therefore entitled to total disability benefits. The ALJ also found that Brossette reached maximum medical improvement with regard to his neck March 15, 1994. Consequently, the ALJ awarded Brossette temporary disability benefits from the date of the second injury to March 14, 1994, and permanent disability benefits from March 15, 1994 and continuing. In a supplemental decision and order awarding attorney's fees, the ALJ awarded Brossette's counsel a reasonable fee including expenses. On appeal to the BRB, each of the ALJ's decisions, findings of fact and conclusions of law were affirmed.

DISCUSSION

"In reviewing BRB decisions, 33 U.S.C.A. Sec.921(c), this court is limited to considering errors of law, making certain that the BRB adhered to its statutory standard of review of factual determinations, that is whether the ALJ's findings of fact are supported by substantial evidence and consistent with the law.[citations omitted] The ALJ is entitled to deference and his selection of reasonable conflicting factual inferences is conclusive upon the Board if supported by the evidence and not inconsistent with the law." *New Orleans (Gulfwide) Stevedores v. Turner*, 661 F.2d 1031, 1037 (5th Cir.1981); *Hole vs. Miami Shipyards Corp.*, 640 F.2d 769, 771-772 (5th Cir.1981).

First we address the award of disability benefits. To establish a *prima facie* case of total disability, a claimant must show that he is unable to perform his usual employment due to work

---

[1] The various physical restrictions advised by the doctors will be discussed where relevant.

related injury. *Blake v. Bethlehem Steel Corp.*, 21 BRBS 49 (1988). The issue here is whether the individual can return to his usual employment, not whether he can work at all. "Usual employment" is whatever work was being performed at the time the injury occurred. *Manigault v. Stevens Shipping Co.*, 22 BRBS 332 (1989). That three doctors, Dr. Correa, Dr. Ochsner and Dr. Russo, each advised Brossette not to go back to work is sufficient evidence to establish his *prima facie* case of total disability.

Avondale asserts that because counsel in his opening statements, urged that Brossette was not totally disabled, the ALJ committed clear error in holding that the claimant was permanently and totally disabled. In counsel's closing memoranda however, he argued that based on the evidence presented, Brossette was permanently disabled. Indeed, as the BRB opined, the ALJ was not bound by the argument made in counsel's opening statement, "as the extent of claimant's disability was clearly at issue in this case…" (BRB opinion, July 2, 1998 pg. 3).

Next, Avondale contends that the ALJ erred in his determinations regarding suitable alternate employment. Once a *prima facie* case is made and it is established that an injured employee is unable to perform his usual work, the burden shifts to the employer to demonstrate availability of realistic job opportunities within the geographic area of the employee's residence, which by virtue of the his age, education, work experience, and physical restrictions, he is capable of performing. See *Turner*, 661 F.2d at 1042. The ALJ rationally found that the alternative jobs which were available at Avondale's facility were not suitable employment since they exceeded Brossette's physical restrictions, being jobs which involved lifting up to 25 pounds, substantial overhead work, and the operation of a grinder.[2]     On appeal to this court, Avondale argues that work in their facility's respirator room was alternate employment. Although Brossette worked in the respirator room prior to his surgery, the job was never re-offered to him afterward. It was not argued at trial before the

_____

[2] Dr. Correa, Dr. Brent, Dr. Hambig, Dr. Murphy and Dr. Russo each advised claimant, in addition to other restrictions, not to do overhead work at all. Dr. Brent, Dr. Murphy and Dr. Russo advised him not to operate machines with repetitive vibration, and that doing so would exacerbate his condition. Each doctor Brossette saw also put a weight restriction on how much he should carry, although the ALJ made a determination which was within his discretion from Dr. Murphy's restriction that claimant do "sedentary work"….as precluding lifting of more than ten pounds.

ALJ that work in the respirator room was available to Brossette, nor was the job mentioned when this case was reviewed by the BRB. The alternate jobs available at Avondale itself were either outside claimant's physical restrictions or were not offered to him, hence suitable alternate employment within at Avondale's facility did not exist for Brossette.

If an employer successfully shows that there is suitable alternate employment, this can be rebutted by an employee demonstrating that he diligently tried, without success, to find another job. See *Turner* at 1042-1043; *Roger's Terminal & Shipping v. Director*, *OWCP*, 784 F.2d 687, 691 (5th Cir. 1986). Avondale did establish alternate employment, in its labor market survey performed by Ms. Favaloro, Avondale's vocational rehabilitation counselor. Although some of the jobs identified within the survey were outside of Brossette's restrictions, some were suitable jobs. Brossette went out and applied for each one of these jobs, although he was unsuccessful in obtaining one.[3] In short, Brossette established diligence in searching for alternate employment, hence Avondale's showing of suitable alternate employment is rebutted. See *Director, OWCP v. Bethlehem Steel Corp.* [*Dollins*], 949 F.2d 185 (5th Cir.1991). As supported by substantial evidence, and not contrary to law, Brossette is entitled to total disability benefits.

Finally, with respect to attorney's fees, such fees are awarded and are to be paid by the employer if a claimant's counsel engages in a successful prosecution of the claim. 33 U.S.C.A. Sec. 928 (a), *Petro-Weld, Inc., v. Luke*, 619 F.2d 418 (5th Cir.1980). Brosette's counsel has successfully prosecuted this claim and is rightfully awarded attorney's fees.

CONCLUSION

We AFFIRM the Decisions and Order of the Benefits Review Board against Avondale Industries, Inc., finding Wilfred Brossette, IV entitled to an award of total disability benefits and attorney's fees.

---

[3]     Employer's claim that claimant sabotaged his job opportunities is groundless. The evidence suggests the opposite. After making follow up calls to the employers, Ms. Favaloro testified that they "spoke highly (of Brossette and), thought that he seemed enthusiastic about looking for a new job." (Tr., p. 252, line 1-4).